MIRKO CAVIC AND ROSA CAVIC, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cavic v. Commissioner
Docket No. 1590-76
United States Tax Court
T.C. Memo 1977-192; 1977 Tax Ct. Memo LEXIS 252; 36 T.C.M. (CCH) 787; T.C.M. (RIA) 770192; June 21, 1977, Filed Mirko Cavic, pro se. Kevin C. Reilly, for the respondent. DAWSON
MEMORANDUM FINDING OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Randolph F. Caldwell, Jr., pursuant to the provisions of Section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 5 of this Court. [1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $1,549 in petitioners' Federal income taxes for 1973.Petitioners have stipulated *253 that a miscellaneous deduction of $3,000 for "Home Improvements" on Schedule A of their return represents the same expenditures as the deduction for rental expenses claimed on Schedule E of their return, which has been disallowed by respondent and which is in issue in this case. The first-named deduction will be disallowed because of its duplicativeness. The issues for decision are what portion of the rental expense deduction is allowable, and the amounts allowable as deductions for contributions, union dues, child care, safety shoes, equipment, tools, and medical expenses. FINDINGS OF FACT Some of the facts are stipulated. The stipulation of facts, together with an exhibit identified therein and attached thereto, is incorporated herein by this reference. Petitioners filed a joint income tax return for the calendar year 1973. At the time of filing their petition, petitioners resided in Paterson, New Jersey.
Petitioners immigrated to the United States from their native Yugoslavia in or about 1967. They acquired a twostory, two-family residential structure on Paxton Street in Paterson, and initially they occupied the second floor apartment, and permitted the one on the *254 first floor to remain unoccupied. In due course, petitioners and their two young children moved to the first floor. Petitioners' intention from the beginning was to rent out one of the two apartments. When they moved to the first floor, they undertook an extensive renovation of the second floor apartment preparatory to offering it for rent. The expenditures occasioned by the renovation, which included installation of carpeting and ceramic tile, roof repairs, painting, plumbing repairs, installation of closets and pantry shelving and kitchen cabinets, installation of floor tile in the kitchen, and installation of a kitchen fan, came to $2,000. The useful life of the renovation changes, improvements, repairs and replacements is seven years. A tenant was obtained in January 1973. Petitioners made contributions to the United Givers Fund of $15 in 1973. Mr. Cavic paid union dues of $50 in 1973. Mr. and Mrs. Cavic were both employed full-time during 1973. They paid $750 to Kata Cocian for the care of their children while they worked. Mr. Cavic expended $90 for work shoes in 1973, which shoes were not suitable or adaptable for general usage. Petitioners paid $4.80 per *255 month, or $57.60 for the year 1973, as insurance premiums for medical care. OPINION Respondent has disallowed a host of expenses in this case for lack of substantiation. Petitioner Mirko Cavic appeared and testified at the trial, with obvious linguistic difficulties. He testified that the records which would have substantiated many of the disallowed deductions had been accidentally lost. He appeared to be a candid and forthright witness, and the findings of fact, predicated upon a consideration and weighing of his testimony, reflect our judgment of the amounts allowable as deductions, applying the rule of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). The largest area of dispute related to the expenditures made for improvements and to renovate the second floor apartment. We have found that petitioners expended $2,000 for that purpose. Those expenditures are, however, capital in nature and must be recovered over the useful life of the improvements made.The useful life we have found to be 7 years, beginning January 1973. Those findings will be reflected in the computation under Rule 155. The amounts allowable as deductions for the remaining disputed *256 items are set forth in the findings of fact. Those amounts likewise will be reflected in the computation under Rule 155. * * *
In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. Pursuant to General Order No. 5 the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩